IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID W. CHAPMAN,**

                **Petitioner,**

     v.                                  CASE NO. 06-3188-SAC

**STATE OF KANSAS,**

                **Respondent.**

## O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the petition and petitioner's response. Having reviewed the record, the court dismisses the petition.

The record established that petitioner was convicted of aggravated criminal sodomy. The Kansas Court of Appeals affirmed that conviction, and the Kansas Supreme Court denied petitioner's request for leave to file a petition for review out of time. Thereafter, petitioner filed two post-conviction motions which the state district court denied. In separate appeals the Kansas Court of Appeals affirmed both decisions, and petitioner sought no further review by the Kansas Supreme Court in either appeal. Petitioner then filed the instant habeas petition under § 2254, seeking relief on twenty separate grounds.[1]

Respondent contends the petition should be dismissed because habeas review of petitioner's claims is barred by petitioner's

---

[1] Petitioner's motion to supplement the factual record (Doc. 13) is granted.

procedural default in presenting his claims to the state courts. Respondent points to petitioner's failure to raise many of his grounds in his direct appeal or post-conviction proceedings, and states that petitioner is now precluded from doing so. Respondent also points to petitioner's failure to obtain or seek review by the Kansas Supreme Court in either of petitioner's post-conviction appeals.

The procedural default doctrine bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim--as the exhaustion doctrine requires--and the prisoner cannot cure that failure because state-court remedies are no longer available. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the exhaustion doctrine); Coleman v. Thompson, 501 U.S. 722, 732 (1991)(a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion ... [because] there are no state remedies any longer 'available' to him," and, thus, that the procedural default doctrine prevents a habeas petitioner from circumventing the policy underlying the exhaustion doctrine).

In the present case, petitioner's failure to seek or obtain full state court review of any of the claims raised in the instant petition fully supports respondent's claim of procedural default.

As indicated in respondent's motion, petitioner can avoid the procedural default bar if he were able to show cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that the failure to consider any procedurally defaulted

2

claim will result in a fundamental miscarriage of justice. *See* Id., 501 U.S. at 749.

Generally, "cause" requires a showing by petitioner that some objective external factor impeded his efforts to comply with state procedural rules. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). "Prejudice" requires a showing that petitioner has suffered actual and substantial disadvantage as a result of the default. *See* United States v. Frady, 456 U.S. 152, 170 (1982). To excuse the procedural default on the basis of the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). Petitioner has not satisfied any of these requirements.

In response to the motion to dismiss, petitioner argues the attorneys assigned to represent him in his direct and post-conviction appeals were ineffective, and cites a state disciplinary action which resulted in the Kansas Supreme Court's public censure of one of petitioner's attorneys in petitioner's direct appeal.

While ineffective assistance of counsel can establish cause for excusing procedural default, showings must be made of both an objectively unreasonable performance by the attorney and the probability of actual prejudice. *See* Strickland v. Washington, 466 U.S. 668, 688 (1984)(stating two-prong standard for constitutional claim of ineffective assistance of counsel). Petitioner's bare reference to an attorney disciplinary adjudication is insufficient to satisfy this standard. Also, because petitioner has no constitutional right to counsel in his post-conviction proceedings, *see* Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), any failure by

counsel in raising issues or seeking a petition for review by the Kansas Supreme Court in petitioner's post-conviction appeals "cannot constitute cause to excuse default in federal habeas." Coleman, 501 U.S. at 757.

Moreover, there is nothing in the record in the instant case to indicate petitioner presented an independent claim of ineffective assistance by his trial or appellate counsel to the state courts. *See* Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000)(ineffective assistance of counsel must be presented to the state courts as an independent constitutional claim before it can be used to establish cause for procedural default of another constitutional claim).

Finding no showing of cause or prejudice has been made to excuse petitioner's default in presenting his claims to the state courts, and finding no colorable claim of factual innocence has been made to warrant habeas review of petitioner's claims, the court grants respondent's motion to dismiss the petition.

IT IS THEREFORE ORDERED that petitioner's motion to supplement the factual record (Doc. 13) is granted.

IT IS FURTHER ORDERED that respondent's motion to dismiss the petition (Doc. 10) is granted.

**IT IS SO ORDERED.**

DATED:  This 23rd day of July 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

4